UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| TANJELO  BONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:16-cv-00001-TWP-DML |
| | ) | |
| JAMIE  NOEL Sheriff, | ) | |
| S.  THOMAS Sgt., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Proceed *in forma pauperis*,
Discussing Complaint, and Directing Further Proceedings**

**I.**

The plaintiff request to proceed *in forma pauperis* [dkt 2] is **granted**.

**II.**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the "complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a

less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on the foregoing screening, the following claims **shall proceed:** the plaintiff's claim that defendants Officer Thomas and Officer Girth subjected the plaintiff to excessive force and exercised deliberate indifference to her requests for medical treatment. Any claim against Sheriff Jamie Noel is **dismissed** because there are no allegations of wrong doing on the part of this defendant. Only persons who cause or participate in the violations are responsible. *See Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir. 1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996). To the extent Sheriff Noel is included as a defendant because of his supervisory position, this position alone is not adequate to support the imposition of liability. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997)("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit"). The **clerk shall add** Officer Girth as a defendant and **terminate** Sheriff Noel as a defendant.

If the plaintiff believes claims have been raised that are not addressed in this Entry, the plaintiff shall have **through February 5, 2016**, in which to so notify the Court.

The clerk is designated pursuant to *Federal Rule of Civil Procedure* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d)(1). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED.**

Date: 1/15/2016

_Tanya Walton Pratt_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:


TANJELO  BONNER
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Officer S. Thomas
Officer Girth
        Both at:

        Clark County Jail
        501 East Court Ave.
        Jeffersonville, IN 47130